**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Timothy Simmons,

Plaintiff,

v.

Charleston Gate, LLC; International Longshoreman's Association 1422A; Bill McCarthy; and Leonard Baily,

Defendants.

Case No. 2:25-cv-13958-RMG

**ORDER**

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 33), recommending that the Court grant Defendants Charleston Gate, LLC's ("Charleston Gate") and Bill McCarthy's ("McCarthy") motion to dismiss or, in the alternative, motion for summary judgment (Dkt. No. 15). Plaintiff was given notice that he had 14 days from the date of the R&R to file any objection plus three days for mailing. (Dkt. No. 33 at 12). The Court has received no objections. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants the Moving Defendants' motion for summary judgment.

## I. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely

file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

**B. Pro Se Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

**II. Discussion**

Plaintiff filed this pro se action against Defendants alleging claims arising under various federal anti-discrimination statutes related to his prior employment. (Dkt. No. 1). The Moving Defendants have submitted a Resignation, Release and Covenant Not To Sue (Dkt. No. 15-1) ("Release"), which the Magistrate Judge has concluded bars this present suit. The Court has reviewed the full record in this matter, including the aforementioned Release, and finds that the Magistrate Judge has ably summarized the factual and legal issues in this matter and correctly concluded that the Release bars this action.

**III. Conclusion**

For the foregoing reasons, the R&R (Dkt. No. 33) is **ADOPTED** as the Order of the Court and Defendants' motion to dismiss or, in the alternative, for summary judgment (Dkt. No. 15) is **GRANTED** regarding the claims pending against Defendants Charleston Gate and McCarthy.

This Order does not address any of the remaining claims of Plaintiff against the other named defendants.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 19, 2026
Charleston, South Carolina