**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Timothy Simmons,<br><br>Plaintiff,<br>v.<br><br>International Longshoremen Assoc. 1422A and Leonard Bailey,<br><br>Defendants. | Case No. 2:25-cv-13958-RMG<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this action be dismissed with prejudice for lack of prosecution and for failure to comply with the Magistrate Judge's orders. (Dkt. No. 30). Plaintiff was given notice that he had 14 days from the date of the R&R to file any objection, which required the filing of objections on or before August 10, 2026. *Id.* at 3. The Court has received no objections. For the reasons set forth below, the R&R is adopted as the Order of the Court and this action is dismissed with prejudice.

## I. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Where a party fails to timely

file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II. Discussion

After a careful review of the record and the R&R, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that this action should be dismissed with prejudice for Plaintiff's failure to prosecute and comply with the Magistrate Judge's orders.

## III. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 30) is **ADOPTED** as the Order of the Court and this action is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 19, 2026
Charleston, South Carolina